IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA BELLE UNDERWOOD,<br><br>           Plaintiff,<br><br>           v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and PRUCO LIFE INSURANCE COMPANY,<br><br>           Defendants. | CIVIL ACTION<br><br>No. 02-CV-3027 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND PRUCO LIFE INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT**

Defendants The Prudential Insurance Company of America ("The Prudential") and Pruco Life Insurance Company ("Pruco") (hereinafter collectively, "Prudential"), by and through their undersigned counsel, Reed Smith LLP, hereby respond to the Complaint of Plaintiff Anna Belle Underwood ("Plaintiff") as follows:

1. Admitted, upon information and belief.

2. Denied as stated. The Prudential is a corporation organized under the laws of the state of New Jersey with a principal place of business at 751 Broad Street, Newark, New Jersey 07102-3777 and is licensed to conduct business in the Commonwealth of Pennsylvania and does conduct business in the Commonwealth of Pennsylvania.

3. Denied as stated. It is admitted only that The Prudential has a place of business at 2101 Welsh Road, Dresher, Pennsylvania.

4. Denied as stated. Pruco is a life insurance agency organized under the laws of the state of Arizona with a principal place of business in Newark, New Jersey and is licensed to

conduct business in the Commonwealth of Pennsylvania and does conduct business in the Commonwealth of Pennsylvania.

5. Denied as stated. Pruco is licensed to conduct business in the Commonwealth of Pennsylvania and does conduct business in the Commonwealth of Pennsylvania.

6. Denied. The allegations set forth in Paragraph 6 constitute conclusions of law to which no response is required.

7. Admitted, upon information and belief.

8. Admitted in part; denied in part. It is admitted only that Pruco is a subsidiary of The Prudential. The remaining allegations set forth in Paragraph 8 constitute conclusions of law to which no response is required. To the extent that these allegations may deemed to be factual, they are denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied as stated. It is admitted only that from the time of the issuance of the Policy up to May 5, 2001, the premium was paid.

13. Admitted. By way of further response, Prudential states that the terms of the Policy speak for themselves.

14. Admitted in part; denied in part. It is admitted only that some time after Frank Underwood received the notice of the premium due on May 5, 2001, he contacted Dennis Gillespie, and that Dennis Gillespie sold life insurance products. By way of further response, the remaining allegations set forth in Paragraph 14 constitute conclusions of law to which no

response is required. To the extent that these allegations may deemed to be factual, they are denied.

15. Denied. After reasonable investigation, Prudential is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and, therefore, denies the same.

16. Denied. After reasonable investigation, Prudential is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and, therefore, denies the same.

17. Denied. After reasonable investigation, Prudential is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and, therefore, denies the same.

18. Denied. To the extent that these allegations imply that he is the agent of both defendants, the allegations set forth in Paragraph 18 constitute conclusions of law to which no response is required. By way of further response, after reasonable investigation, Prudential is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18, and, therefore, denies the same.

19. Denied. After reasonable investigation, Prudential is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and, therefore, denies the same.

20. Admitted in part; denied in part. It is admitted only that on or about June 5, 2001, Frank Underwood entered into a limited insurance agreement for Policy No. V80 40 904-A in the amount of $100,000.00 on the life of Frank N. Underwood, and that Frank Underwood paid the amount of $335.61 by check as a prepayment for this agreement. By way of further

response, the remaining allegations set forth in Paragraph 20 constitute conclusions of law to which no response is required. To the extent that these allegations may deemed to be factual, they are denied.

21. Admitted, upon information and belief.

22. Admitted.

23. Admitted.

## COUNT I-CONTRACT

24. Prudential incorporates by reference its responses to Paragraphs 1 through 23 above as if fully set forth herein.

25. Denied as stated. It is admitted that Prudential has refused to make payment under both Policy No. 63 857 781 and Policy No. V80 40 904-A. The remaining allegations set forth in Paragraph 25 constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

WHEREFORE, Defendants The Prudential Insurance Company of America and Pruco Life Insurance Company demand judgment in their favor and against Plaintiff, including costs, attorneys' fees and such other relief that this Court may deem equitable and just.

## COUNT II-FRAUD

26. Prudential incorporates by reference its response to Paragraphs 1 through 25 above as if fully set forth herein.

27. Denied. The allegations set forth in Paragraph 27 constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

28. Denied. The allegations set forth in Paragraph 28 constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to by factual, they are denied.

29. Admitted in part; denied in part. It is admitted only that neither the Plaintiff nor Frank Underwood made the premium payments due on the original policy. By way of further response, the remaining allegations set forth in Paragraph 29 are denied.

30. Denied. The allegations set forth in Paragraph 30 constitute conclusions of law to which no response is required. To the extent that they allegations may be deemed to be factual, they are denied.

WHEREFORE, Defendants The Prudential Insurance Company of America and Pruco Life Insurance Company demand judgment in their favor and against Plaintiff, including costs, attorneys' fees and such other relief that this Court may deem equitable and just.

## COUNT III-NEGLIGENT MISREPRESENTATION

31. Prudential incorporates by reference its responses to Paragraphs 1 through 30 above as if fully set forth herein.

32. Denied. The allegations set forth in Paragraph 32 constitute conclusions of law to which no response is required. To the extent that they allegations may be deemed to be factual, they are denied.

33. Denied. The allegations set forth in Paragraph 33 constitute conclusions of law to which no response is required. To the extent that they allegations may be deemed to be factual, they are denied.

34.     Denied.  The allegations set forth in Paragraph 34 constitute conclusions of law to which no response is required.  To the extent that they allegations may be deemed to be factual, they are denied.

35.     Denied.  The allegations set forth in Paragraph 35 constitute conclusions of law to which no response is required.  To the extent that they allegations may be deemed to be factual, they are denied.

WHEREFORE, Defendants The Prudential Insurance Company of America and Pruco Life Insurance Company demand judgment in their favor and against Plaintiff, including costs, attorneys' fees and such other relief that this Court may deem equitable and just.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation and/or statutes of repose.

#### Second Affirmative Defense

Plaintiff has failed to state a claim against The Prudential and Pruco upon which relief may be granted.

#### Third Affirmative Defense

This Court lacks subject matter jurisdiction over this proceeding.

#### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver and estoppel.

**Fifth Affirmative Defense**

Plaintiff's claim for a $100,000.00 death benefit under Policy No. 63 857 781 was properly denied because this policy lapsed for nonpayment of premium.

**Sixth Affirmative Defense**

The Prudential and Pruco have in good faith fulfilled any obligations and duties it may owe to Plaintiff under insurance policy nos. 63 857 781 and V80 40 904-A.

WHEREFORE, Defendants The Prudential Insurance Company of America and Pruco Life Insurance Company demand judgment in their favor and against Plaintiff, including costs, attorneys' fees and such other relief that this Court may deem equitable and just.

Respectfully submitted,

_____
Marilyn Heffley, Esquire
Peggy B. Greenfeld, Esquire
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215) 851-8100

Attorneys for Defendant
The Prudential Insurance Company of America and
Pruco Life Insurance Company

Dated:  June 18, 2002

## CERTIFICATE OF SERVICE

    I, Peggy B. Greenfeld, hereby certify that on this 18th day of June, 2002, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendants The Prudential Insurance Company of America and Pruco Life Insurance Company to Plaintiff's Complaint to be served via first-class U.S. mail, postage pre-paid, upon the following:

Edward B. McDaid, Esquire  
McDaid Flum & Bloom  
Two Commerce Square  
2001 Market Street, 32nd Floor  
Philadelphia, PA 19103

                                            By: _____  
                                                     Peggy B. Greenfeld